UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN A. CALDEMONE, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-304 RM |
| vs. ) | |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION, BUREAU OF PRISONS, ) | |
| U.S. DEPT. OF AGRICULTURE, ) | |
| NATIONAL PORK PRODUCERS COUNCIL, ) | |
| PURDUE UNIVERSITY, NATIONAL ) | |
| TURKEY FEDERATION, and ISLAMIC ) | |
| SOCIETY OF N. AMERICA ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

John A. Caldemone, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Mr. Caldemone alleges that he is being denied access to pork.
>
>> 1. Plaintiff is incarcerated at Miami Correctional Facility, a Correctional Facility of the Indiana Dept. of Correction housing all male offenders.
>> 2. Our daily food intake diet consists of no pork being served.
>> 3. As justification for no pork being served is the excuse that it is a Muslim religious rite not to eat pork and because of that the entire offender population, Muslim or not, religious or not is denied pork. An excuse that turkey is more beneficial in our diet.
>> 4. The hog/swine industry suffers a major economical hardship.
>> 5. Turkey benefits by the Thanksgiving demand.
>> 6. There were No Muslims on The Mayflower.

Complaint at 1-2.

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, Farmer v. Brennan, 511 U.S. 825, 832 (1994), but it doesn't require that they receive pork. Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir.

1971). Though Mr. Caldemone may find it inconvenient, uncomfortable, or unpleasant to be incarcerated without pork, doing so does not deny him the minimal civilized measure of life's necessities and it does not violate the Constitution.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: May  31 , 2005

                                                   /s/ Robert L. Miller, Jr.
                                                Chief Judge
                                                United States District Court